IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD N. TAWE, TDCJ #1596960, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-0187 |
| CLEMONS MAILROOM CLERK, *et al.*, | § § § | |
| Defendants. | § § | |

## **MEMORANDUM AND ORDER**

State inmate Richard N. Tawe (TDCJ #1596960) has filed a civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). At the Court's request, Tawe has filed a more definite statement of his claims [Doc. # 8]. Because Tawe is a prisoner proceeding *in forma pauperis*, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings and dismiss the case if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be dismissed for reasons set forth below.

## I.   BACKGROUND

Tawe is currently confined at the Ellis Unit in Huntsville.[1] Tawe sues the following officials concerning a piece of mail that he sent while he was in custody at the McConnell Unit in Beeville, Texas: (1) "Clemons Mailroom Clerk" at the Ellis Unit; (2) "Unknown Mailroom Clerk" at the McConnell Unit; (3) "Unknown Beeville Post Office Clerk"; (4) "Unknown Post Office Clerk Dallas"; and (5) John F. Warren, who is described as Clerk of Court for the United States District Court for the Northern District of Texas.[2]

While he was assigned to the McConnell Unit, Tawe sent a letter to Warren on September 16, 2015, requesting information about two previous lawsuits filed by Tawe in the Northern District of Texas, which had reportedly resulted in sanctions against him.[3] Tawe explains that he needed this information because Section VIII(B) of the standard prisoner civil rights complaint form, which has been adopted and

---

[1]   Complaint [Doc. # 1], at 5.

[2]   *Id.* The Court takes judicial notice that John F. Warren is actually the "Dallas County Clerk," and not Clerk of Court for the Northern District of Texas. *See* Dallas County website, www.dallas.county.org (last visited April 24, 2017).

[3]   More Definite Statement [Doc. # 12], at 2. Court records from the Northern District of Texas reflect that one of Tawe's lawsuits was dismissed as frivolous on June 8, 2011. *See Tawe v. Unknown Psychiatrist*, No. 3:11-cv-1016 (N.D. Tex.). A second suit filed by Tawe was dismissed for lack of subject matter jurisdiction on January 15, 2013. *See Tawe v. Unknown Psychiatrist*, No. 3:11-cv-3149 (N.D. Tex.).

approved by all of the federal district courts in Texas, asks prisoners to provide information about "every lawsuit in which sanctions were imposed" against them previously.[4]

Shortly after Tawe mailed his letter to Warren, Tawe was transferred from the McConnell Unit to the Ellis Unit, where he has continued to reside since October of 2015.[5] At some point, Tawe's letter to Warren was returned to the McConnell due to an insufficient address.[6] Eventually the letter was forwarded to the Ellis Unit, where Tawe received it on January 14, 2016.[7] Tawe claims that mailroom personnel at the McConnell Unit, acting in "cahoot[s]" with mailroom personnel at the Ellis Unit and unidentified state court personnel, "held" the letter improperly for "close to four months (three months and 27 days)," delaying his ability to file a court case.[8]

On January 17, 2017, Tawe filed the pending civil rights complaint against the defendants, alleging that he was denied access to courts because his letter was

---

[4] More Definite Statement [Doc. # 12], at 2; *see* Complaint [Doc. # 1] at 6-7 (requesting information about sanctions).

[5] More Definite Statement [Doc. # 12], at 2.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 2, 7.

3

improperly held by mailroom personnel as part of a retaliatory conspiracy.[9] Without that letter, Tawe alleges that he was unable to file a lawsuit in state court in compliance with time limits imposed by § 14.005 of the Texas Civil Practice and Remedies Code.[10] That lawsuit consisted of civil rights claims against Lieutenant Kimberly K. Kinkler.[11] Tawe subsequently filed his civil rights lawsuit against Lieutenant Kinkler in federal court, where it remains pending.[12] *See Tawe v. Kinkler, et al.*, Civil No. 2:16-0077 (S.D. Tex.). Alleging interference with his ability to access information, Tawe seeks monetary damages and other relief against the defendants for violating his constitutional rights. The Court concludes, however, that this case must be dismissed for reasons discussed below.

## II. DISCUSSION

Prisoners clearly have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817

---

[9] Complaint [Doc. # 1], at 5-6.

[10] More Definite Statement [Doc. # 8], at 3. Texas prisoners are required by the Texas Civil Practice and Remedies Code to present proof that they have exhausted administrative remedies within the penal grievance system before initiating the lawsuit. *See* TEX. CIVIL PRACT. & REM. CODE § 14.005(a). A Texas trial court is required to dismiss a prisoner's claim if he fails to file his suit before the thirty-first day after the date that he received the written decision from the grievance system. *See id.* at § 14.005(b); *see also Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App. — Houston [1st Dist.] 2002, no pet.) (describing grievance procedures and timing requirements that must be complied with under Texas Civil Practice and Remedies Code § 14.005).

[11] More Definite Statement [Doc. # 8], at 3.

[12] *Id.*

(1977)). However, the right of access for prisoners is not unlimited. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)). The right encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. *See Jones*, 188 F.3d at 325 (citing *Lewis*, 518 U.S. at 351).

To state a claim, a prisoner alleging a violation of the right to access the courts must demonstrate that he has suffered an actual injury stemming from a defendant's unconstitutional conduct. *See Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding that "without an actual injury, a prisoner cannot prevail on an access-to-the-courts claim"). Actual injury in this context is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. In other words, a prisoner must demonstrate "that his position as a litigant was prejudiced by his denial of access to the courts." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993)). Tawe does not make that showing.

Tawe's primary complaint is that the defendants conspired to interfere with his right to access the courts by withholding his letter to Warren after it was returned by the Post Office, preventing him from suing Lieutenant Kinkler in state court.

However, Tawe does not persuasively demonstrate that he was unable to file suit in state court without access to the letter from Warren or the information about past sanctions that he was seeking in that letter. More importantly, court records confirm that Tawe was able to file his civil rights complaint against Lieutenant Kinkler and others in the Southern District of Texas. *See Tawe v. Kinkler, et al.*, Civil No. 2:16-0077 (S.D. Tex.). That lawsuit, which has been consolidated with two other civil actions filed by Tawe, remains pending in the Corpus Christi Division. *See Tawe v. Reo, et al.*, Civil No. 2:16-0076 (S.D. Tex.) and *Tawe v. Perez et al.*, Civil No. 16-0083 (S.D. Tex.). The record in these cases reflects that Tawe has not been prevented from pursuing his claims against Lieutenant Kinkler in any meaningful way or that he suffered an actual injury as a result of the letter that was allegedly withheld. Likewise, Tawe's conclusory allegations of retaliation are not sufficient to state a viable conspiracy claim. *See McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989). Under these circumstances, Tawe fails to state a claim upon which relief may be granted and his complaint will be dismissed.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The complaint filed by Richard N. Tawe (TDCJ #1596960) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this order to the plaintiff and to the Manager of the Three Strikes List for the Southern District of Texas.**

SIGNED at Houston, Texas, on April 25, 2017.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE